```
 1

 2              IN THE UNITED STATES DISTRICT COURT FOR THE
                     WESTERN DISTRICT OF MISSOURI
 3                        SOUTHERN DIVISION

 4   UNITED STATES OF AMERICA,      ) Case No. 15-03123-05-CR-S-RK
                                    )
 5              Plaintiff,          ) Springfield, Missouri
                                    ) July 11, 2017
 6   v.                             )
                                    )
 7   ARTHUR SANCHEZ,                )
                                    )
 8              Defendant.          )
     _____)
 9
                    TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10                  BEFORE THE HONORABLE DAVID P. RUSH
                       UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:            Mr. Abram McGull II
13                                 Assistant United States Attorney
                                   901 St. Louis St., Ste. 500
14                                 Springfield, MO  65806
                                   (417) 831-4406
15
     For the Defendant:           Ms. Allison R. Hershewe
16                                 431 S. Virginia Avenue
                                   Springfield, MO  65801
17                                 (417) 782-3790

18   Court Audio Operator:        Ms. Karla Berziel

19   Transcribed by:             Rapid Transcript
                                   Lissa C. Whittaker
20                                 1001 West 65th Street
                                   Kansas City, MO  64113
21                                 (816) 914-3613

22

23

24
     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.
```

1    (Court in Session at 10:56 a.m.)

2    THE COURT:  Calling in *United States vs. Arthur Sanchez.*

3    The defendant appears in person along with his attorney, Ms.

4    Allison Hershewe.  The United States appears by Assistant United

5    States Attorney, Mr. Abe McGull.  This matter is set this

6    afternoon -- or this morning, excuse me, for a plea to guilty to

7    the one and only count in which the defendant is named in the

8    Indictment which is Count Two of the Indictment.  Mr. Sanchez,

9    you have signed a consent to have these proceedings for a plea of

10   guilty before a Magistrate Judge, with the understanding that a

11   United States District Judge, a judge of higher jurisdiction,

12   will keep your case for acceptance of the plea of guilty and

13   sentencing.  Even though you signed this consent you have a

14   right, if you wish, to appear before a United States District

15   Judge, a judge of higher jurisdiction, for these proceedings.  At

16   any appearance before the District Judge, you're presumed

17   innocent until such time, if ever, as the Government establishes

18   your guilt beyond a reasonable doubt to the satisfaction of the

19   judge or jury.  You always have a right to confront and cross-

20   examine witnesses.  You have a right to use the power of the

21   court to subpoena evidence on your behalf and you have a right to

22   testify or not testify as you would choose.  And if you chose not

23   to testify it would not be held against you as that is your

24   right.  If, after understanding the charge against you, the range

25   of punishment, if convicted, and your right to appear before a

District Judge, if you wish, you may waive or give up that right and proceed this morning before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. SANCHEZ: Yes, sir.

THE COURT: And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

MR. SANCHEZ: Yes, sir.

THE COURT: And I can hear you just fine. These microphones in front of you are directional and so if you would just speak up. You don't need to bend over or into the microphone but you're somewhat soft-spoken. I can hear you but our transcriptionist, who's going to type out the proceeding, she needs to be able to hear. So if you'll just speak up, I'd appreciate it. Mr. Sanchez, do you understand the charge against you in Count Two of the Indictment in this case?

MR. SANCHEZ: Yes, sir.

THE COURT: Do you understand that if convicted of the charge in Count Two, that the minimum penalty the court may impose is not less than 5 years imprisonment, while the maximum penalty the court may impose is not more than 40 imprisonment, a $5 million fine, not less than four years supervised release, and a $100 mandatory special assessment?

MR. SANCHEZ: Yes, sir.

1       THE COURT:  And to the charge in Count Two, how do you

2  wish to plead, guilty or not guilty?

3       MR. SANCHEZ:  Guilty.

4       THE COURT:  Would you please raise your right hand as

5  best you can?

6                 ARTHUR SANCHEZ, DEFENDANT, SWORN

7       THE COURT:  Has anyone made any threat of any kind to

8  force you to plead guilty or give up any of the other rights that

9  we've discussed this morning?

10      MR. SANCHEZ:  No, sir.

11      THE COURT:  Has anyone promised you anything -- made any

12  promise of any kind to induce you or overcome your will to get

13  you to plead guilty or give up any of the other rights we've

14  discussed?

15      MR. SANCHEZ:  No, sir.

16      THE COURT:  I mentioned to you that there was a

17  supervised release term of not less than four years that could be

18  imposed in your case.  Do you understand that if that term were

19  imposed and then revoked for any reason, that you could be

20  required to serve an additional term of imprisonment of not more

21  than three years, and if that happened, you would receive no

22  credit for any other time you had spent either in custody or on

23  release?

24      MR. SANCHEZ:  Yes, sir.

25      THE COURT:  Do you understand that the District Court

1 could then impose an additional term of supervised release, which

2 is governed by the maximum of the statute, minus any time you'd

3 spent in custody as a result of a violation?

4         MR. SANCHEZ:  Yes, sir.

5         THE COURT:  Do you understand that from a sentence

6 imposed in your case that there is no parole?

7         MR. SANCHEZ:  Yes, sir.

8         THE COURT:  Do you understand that there are Sentencing

9 Guidelines to which the District Court would refer to in an

10 advisory capacity when attempting to fashion a reasonable

11 sentence in your case?

12         MR. SANCHEZ:  Yes, sir.

13         THE COURT:  Now, have you discussed the guidelines with

14 Ms. Hershewe?

15         MR. SANCHEZ:  Yes, sir.

16         THE COURT:  And do you understand them?

17         MR. SANCHEZ:  Yes.

18         THE COURT:  Do you understand that the final decision as

19 to how the guidelines are calculated and ultimately what sentence

20 will be imposed rests with the District Judge?

21         MR. SANCHEZ:  Yes, sir.

22         THE COURT:  If the District Judge would calculate the

23 guidelines differently from what you've discussed with your

24 attorney, that fact would not give you the right to withdraw or

25 change your plea of guilty.  Do you understand that?

1        MR. SANCHEZ:  Yes, sir.

2        THE COURT:  Once the District Judge establishes the

3   advisory guideline range, in some circumstances, you could be

4   sentenced above that range and, in other circumstances, you could

5   be sentenced below that range.  And again, the judge's decision,

6   if you disagreed, would not give you the right to withdraw your

7   plea of guilty.  Do you understand that?

8        MR. SANCHEZ:  Yes, sir.

9        THE COURT:  Now, Mr. Sanchez, you have a right to a

10  trial by jury with all the protections that I explained to you at

11  the beginning of these proceedings.  Do you understand your right

12  to a trial by jury?

13       MR. SANCHEZ:  Yes, sir.

14       THE COURT:  And do you understand that if the court

15  accepts your plea of guilty that there won't be a trial?

16       MR. SANCHEZ:  Yes, sir.

17       THE COURT:  Now I'm going to ask you about the offense

18  charged in Count Two of the Indictment in this case, which is the

19  only count in which you are named.  I would remind you that you

20  are under oath.  You must answer truthfully -- (clearing throat)

21  excuse me.  Any false answers could result in charges of false

22  swearing or perjury.  You always have the right to remain silent.

23  And I want you to listen carefully because in just a moment I'm

24  going to ask the attorney for the United States to state for the

25  record the evidence that he believes that he could present at

trial to prove or establish your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. After he's finished, I'm going to ask you if you, in fact, did the things that he states for the record that he believes he can prove beyond a reasonable doubt. Mr. McGull?

MR. McGULL: Thank you, Your Honor. The facts of this case that the Government planned to present had it gone to trial would be that beginning on June 1st, 2015, and continuing through September 11, 2015 Romulo Delatorre, Michael Ford, Lisa Thompson, and John Waits agreed to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. This agreement began when Delatorre began shipping from California multiple packages via Federal Express of methamphetamine in increments of two to two and a half pounds to Lisa Thompson in Springfield, Missouri. These shipments all took place and was received by Lisa Thompson in the Springfield, Missouri, area in the Western District of Missouri. Thompson admitted during the conspiracy she received approximately 24 pounds of methamphetamine from Delatorre that she gave to Michael Ford. Thompson also admitted that she would keep some of the methamphetamine and sell it directly to methamphetamine users with some assistance of John Waits. Now, on September 11th, Lisa Thompson and Arthur Sanchez, the defendant here today, were arrested with a approximately 180 grams of methamphetamine in their possession. Sanchez admitted to law enforcement that the

1  drugs that were found on September 11, 2015, were his

2  methamphetamine.  Lisa Thompson later confessed to law

3  enforcement that in the beginning of the conspiracy to distribute

4  500 grams or more methamphetamine she and Delatorre used their

5  real name to ship the methamphetamine through FedEx.  Now, on the

6  date of the arrest of Lisa Thompson and Arthur Sanchez, law

7  enforcement also found a digital scale and a variety of Ziploc

8  plastic baggies that were found with Lisa Thompson and Arthur

9  Sanchez.  Those are the facts of the case as it relates to this

10  defendant and the count he's pleading guilty to, Your Honor.

11         THE COURT:  And just a couple clarifications and I may

12  have missed this.  This incident on September 11th, 2015, did

13  that occur in Greene County, Missouri?

14         MR. McGULL:  It did, Your Honor.

15         THE COURT:  And, Mr. Sanchez, I understand that you are

16  just pleading guilty to Count Two of the Indictment and I know

17  that some of the factual basis that was recited by the attorney

18  for the United States dealt with the other defendants in the case

19  and talked about a conspiracy involving those defendants.  And I

20  want to make sure that you understand you're not pleading guilty

21  to that conspiracy.  And so, just in regard to the facts that

22  were recited by Mr. McGull in regard to the incident on September

23  11th of 2015, did you, in fact, do the things that he's stated

24  for the record in regard to the events that occurred on September

25  11th of 2015?

1    MR. SANCHEZ: Yes, sir.

2    THE COURT: And that -- did that involve 50 grams or

3    more of a mixture or substance containing methamphetamine?

4    MR. SANCHEZ: Yes, sir.

5    THE COURT: All right. Ms. Hershewe, you've had access

6    to the discovery file in this case, have you not?

7    MS. HERSHEWE: Yes, Your Honor.

8    THE COURT: And based upon your review of the discovery

9    file, are you satisfied if put to proof, that the United States

10   could make a submissible case as to all the elements pertaining

11   to Count Two of the Indictment?

12   MS. HERSHEWE: Yes, as to aiding and abetting Lisa Renae

13   Thompson of intentionally with -- possession with intent to

14   distribute. Not aiding and abetting the conspiracy but aiding

15   and abetting possession with intent to distribute. It may be a

16   technicality but --

17   THE COURT: No --

18   MS. HERSHEWE: -- yes, I believe that they could prove

19   that.

20   THE COURT: Yes, and I think the record will be very

21   clear when I make my finding. My finding will be that the

22   defendant -- there is a factual basis -- well, I'll go ahead and

23   say that now. There is a factual basis for the plea of guilty to

24   Count Two which charged the defendant with aiding and abetting

25   Lisa Renee Thompson in knowingly and intentionally possessing

1  with intent to distribute 50 grams or more of a mixture or

2  substance containing a detectable amount of methamphetamine.  The

3  record will so reflect.  I find that the plea is also voluntary

4  and did not result from force, threats or promises.  Mr. Sanchez,

5  you are represented in this case by Ms. Hershewe.  Have you had

6  enough time to talk with her about your case?

7          MR. SANCHEZ:  Yes, sir.

8          THE COURT:  Are you satisfied with the advice that she's

9  given you?

10          MR. SANCHEZ:  Yes, sir.

11          THE COURT:  The law requires me to ask you if this

12  morning you are on any medication prescribed by a physician or

13  any drugs or alcohol of any kind which would affect your ability

14  to understand these proceedings?

15          MR. SANCHEZ:  No, sir.

16          THE COURT:  Understanding that and the other matters

17  that we've discussed this morning, is it your desire for the

18  court to accept the plea of guilty?

19          MR. SANCHEZ:  Yes, sir.

20          THE COURT:  Mr. McGull, on behalf of the United States,

21  do you have any other record under Rule 11 that you think I need

22  to make?

23          MR. McGULL:  No, Your Honor.

24          THE COURT:  Ms. Hershewe, on behalf of the defendant, do

25  you have any other record under Rule 11 that you think I need to

1 make?

2    MS. HERSHEWE:  No, Your Honor.  Thank you.

3    THE COURT:  I will recommend the plea of guilty be

4 accepted and I will order a Presentence Investigation to be

5 conducted by the Probation Office.  Mr. Sanchez, good luck to

6 you, sir.

7    MR. SANCHEZ:  I thank you, sir.

8    THE COURT:  With that, we'll be in recess.

9      (Court Adjourned at 11:08 a.m.)

1

2

3

4

5          I certify that the foregoing is a correct transcript
   from the electronic sound recording of the proceeding in the
6  above-entitled matter.

7

           /s/ Lissa C. Whittaker        July 17, 2017
8          Signature of transcriber           Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25